J^PETTIGREW, J.
In this case, defendant appeals from a trial court judgment ordering that the surname of her minor child be changed from • Liner to Liner-Gold. For the reasons that follow, we reverse the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Jason D. Gold, and defendant, Sandy Liner, had engaged in an extramari *167 tal relationship prior to the birth of the minor child, T.M. Liner, on October 5, 1999. The parties were not married when T.M. was born, and there was some doubt as to Mr. Gold’s paternity. Mr. Gold voluntarily submitted to a paternity test, which ultimately revealed that he was, in fact, T.M.’s father. According to the record, at some point thereafter, Mr. Gold voluntarily began paying child support for T.M. There were apparently interruptions in his child support payments, resulting in a judgment of paternity and a subsequent order of child support being rendered against him.
Mr. Gold subsequently filed the instant petition requesting that (1) the parties be awarded joint custody of T.M.; (2) specific visitation rights be outlined; and (3) T.M.’s surname be changed from Liner to Gold. The matter proceeded to hearing before the trial court, at which time the parties entered into a consent judgment concerning all issues, with the exception of the change of the child’s surname, to which Ms. Liner would not agree. The parties argued the issue regarding the child’s surname and submitted same to the court for consideration. After hearing from the parties and considering the record, the trial court ordered that T.M.’s surname be changed from Liner to Liner-Gold and that the Louisiana Office of Vital Records issue a new birth certificate to reflect the name change accordingly. It is from this judgment that Ms. Liner has appealed, assigning the following specification of error:
The trial court erred in ordering that the surname of the child be changed where the father never acknowledged the child, never agreed to a plan of support, and never followed the procedure outlined in R.S. 13:4751 through 4755.
I,.DISCUSSION
Louisiana Revised Statutes 40:34 provides legislative guidelines for vital statistics records. As set forth in La. R.S. 40:34(B), a birth certificate shall contain, as a minimum, the following information: child’s full name, sex, time of birth, date of birth, place of birth, and parents’ names. With regard to an illegitimate child, La. R.S. 40:34(B)(l)(a)(iv) provides as follows:
(iv) If the child is an illegitimate child as provided in Civil Code Article 180, the surname. of the child shall be the mother’s maiden name, if the natural father is unknown. If the natural father is known, has acknowledged the child, and has agreed to a plan of support, the surname of the child shall be that of the natural father unless the mother and the natural father agree otherwise. If the natural father is known, but has not acknowledged the child or has not agreed to a plan of support, if the mother agrees, the surname of the child shall be that of the natural father. If both the mother and the natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this Item, “natural father” means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared the father in a filiation or paternity proceeding.
Therefore, under La. R.S. 40:34(B)(l)(a)(iv), if the natural father acknowledged the child and agreed to a plan of support, he could require that the illegitimate child bear his (the natural father’s) surname. Subparagraph (B)(l)(a)(v) further provides that “[a]ny change in surname of a child from that *168 required herein ... shall be by court order as provided for in R.S. 13:4751 through 4755 or as otherwise provided in this Chapter or by rules promulgated thereunder.” Thus, once a child’s surname information is correctly provided at birth, any change would require compliance with La. R.S. 13:4751, et seq.
The name of a person may be changed by following the provisions of La. R.S. 13:4751, et seq. If the surname of a child is different from that authorized by the Vital Statistics Laws (La. R.S. 40:34), then either parent, acting alone, may sign the petition. La. R.S. 13:4751(0(4). The change of name proceedings shall be conducted contradictorily with the State, and the district attorney for the parish in which the application is made “shall be served with a copy of the petition and citation to answer the same.” La. R.S. 13:4752,
140n appeal to this court, Ms, Liner argues that Mr. Gold has failed to prove his entitlement to change the surname of the minor child. Ms. Liner asserts that Mr. Gold has not met the requirements of La. R.S. 40:34(B)(l)(a)(iv) in that he never formally acknowledged the child, either before or after the rendition of the judgment of paternity, and never agreed to a plan of support. Further, she contends the trial court lacked the legal authority to render the judgment ordering a change of the child’s surname because Mr. Gold failed to comply with the requirements of La. R.S. 13:4752. We agree.
In the instant case, the record is void of any evidence that Mr. Gold ever formally acknowledged the child or agreed to a plan of support. Although Mr. Gold was judicially declared the father in a paternity judgment and was ordered to pay child support, this does not satisfy the requirements of La. R.S. 40:34 such that he would be entitled to have the child’s surname changed over the objection of Ms. Liner. Moreover, we note that even if Mr. Gold were able to meet the requirements of La. R.S. 40:34, the judgment of the trial court would still be flawed in that Mr. Gold did not comply with the mandates of La. R.S. 13:4752. There is absolutely no evidence in the record to suggest that the State was represented in this proceeding. The district attorney for Terrebonne Parish was not “served with a copy of the petition and citation to answer the same.” Thus, the judgment of the trial court must be reversed.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court ordering the change in surname of the minor child, T.M. Liner, is reversed. All costs associated with this appeal are assessed against plaintiff-appellee, Jason Di Gold.
REVERSED.